L. W. LASELL and Helen S. Lasell,
Plaintiffs,

v.

UNITED STATES of America,
Defendants.

No. 38175.

United States District Court
N. D. California, S. D.

Sept. 6, 1960.

Herbert P. Moore, Jr., Franklin C. Stark, of Stark & Champlin, Oakland, Cal., for plaintiffs.

Laurence E. Dayton, U. S. Atty., Richard L. Carico, Asst. U. S. Atty., San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiffs, husband and wife, have brought an action to recover income taxes in the amount of $2,561.94 allegedly collected in excess of the amounts properly due for the years 1951 through 1953. The amount of refund which plaintiffs seeks is based upon "royalties" paid to L. W. Lasell, husband, for the sale of customer lists and goodwill in 1948 to the Alhambra-National Water Company in connection with the sale of a segment of plaintiffs' business in that year.

The sole issue before the court is whether the "royalties," paid annually to plaintiffs from Alhambra-National constitute long-term capital gain within Section 117(a) of the 1939 Internal Revenue Code, 26 U.S.C.A. § 117(a), or whether the moneys received by plaintiffs are regular income. The burden of proof rests with plaintiffs. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212.

The transaction whereby plaintiffs' company, the Alhambra Water Company, sold distribution rights and certain of its property to the Alhambra-National Water Company will determine the rul-

ing on the issue before the court. Discussions took place in 1947 between plaintiffs' company and Alhambra-National, a competitor in the bottling and distribution of spring water in certain counties in the bay area. An agreement was consummated in 1948 whereby plaintiffs, who had created a new partnership known as Alhambra Bottling Company, transferred their tangible assets for the distribution end of the business to the Alhambra-National Company which thereupon agreed to distribute to all customers of its former competitor, as well as its own customers. The new Alhambra Bottling Company was to remain in the bottling business and supply spring water to Alhambra-National. In addition to selling its specific distribution assets, bottlers entered into a "royalty" contract whereby Alhambra-National would pay 10% on sales attributable to bottlers' percentage of business in the territory which approximated 35%, and 5% on new business developed in the territory. Meanwhile, delivery and dispensing equipment were transferred to Alhambra-National which also obtained a list of water customers in the territory taken over.

Plaintiffs contend that the transfer of customers (and necessarily goodwill) constituted a sale of long term assets which entitle them to capital gains treatment. Defendant denies this.

The testimony at the trial discloses that plaintiffs and Alhambra-National were represented by skilled negotiators who discussed the sale and purchase of plaintiffs' business over a period of months. The testimony of both Mr. Marshall and Mr. Murphy is to the effect that "royalties" were not discussed in relation to customer lists or goodwill. The amount paid to plaintiff each year under the royalty agreement, which runs for twenty years, is approximately $5,000. This sum exceeds by some 900% the amount Alhambra-National's witness testified it would have paid for the customer lists and goodwill had a sale of such assets been discussed by the negotiators. The fact of the matter is that neither business, despite its clarification of such details as size, type and kinds of bottles, caps and labels, method of delivering water, payment of unexpired prepaid rentals on equipment, etc., discussed directly or indirectly the purchase and sale of customer lists and goodwill.

Nomenclature is not controlling in determining tax treatment for the "royalties" involved in the present case. Even though the distribution of profits by Alhambra-National may not be considered part of a joint venture between itself and Lasell, the fact is that the "royalties" have not been shown by plaintiffs to be payment from a sale or exchange of capital assets. Cf. Friednash v. Commissioner, 9 Cir., 209 F.2d 601. This being so, plaintiff is not entitled to recover the income taxes paid under protest.

Accordingly, it is ordered that judgment be entered in favor of defendant on preparation of findings of fact, conclusions of law and judgment.